IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TULSA NIGHTS ENTERTAINMENT GROUP, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:25-CV-2363-X-BW |
| EMPIRE DISTRIBUTION, INC., et al., Defendants. | § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tulsa Nights Entertainment Group, Inc. ("Tulsa Nights") filed this action and paid the filing fees on September 2, 2025.  (*See* Dkt. Nos. 1, 3.)  The case, which was initiated by a pro se party, was automatically referred to the undersigned magistrate judge for case management pursuant to Special Order 3-251.  (*See* Dkt. No. 1.)  For reasons explained below, Tulsa Night's claims against Defendant Empire Distribution, Inc. ("Empire") should be without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to serve that defendant.

**I.  BACKGROUND**

Tulsa Nights filed this lawsuit asserting claims including copyright infringement and breach of contract against Defendants Empire, Spotify USA, Inc., and Vydia, Inc.  (*See* Dkt. No. 1.)  On September 3, 2025, the undersigned entered a Notice of Deficiency and Order advising Tulsa Nights that, as a legal entity, it cannot appear in the lawsuit as a pro se party.  (Dkt. No. 5.)  After a couple of

extensions of its deadline to obtain counsel, Attorney Glenn D. Tucker entered an appearance on November 14. (Dkt. No. 10.)

Meanwhile, Tulsa Nights has shouldered an obligation to serve the defendants as required by Fed. R. Civ. P. 4. On December 5, the undersigned noted that the record did not reflect that any defendant had been served and advised Tulsa Nights of its obligation to show proof of service by December 19. (Dkt. No. 11.) On December 24, Tulsa Nights sought a 60-day extension of the deadline for serving defendants (Dkt. No. 16), and the undersigned granted that request, moving the deadline to file proof of service to February 27, 2026 (Dkt. No. 17). Although Defendants Spotify USA and Vydia have appeared in this action, Tulsa Nights has not established that it has served Empire Distribution with a summons and copy of the complaint or has waived service.

## II. LEGAL STANDARDS AND ANALYSIS

Fed. R. Civ. P. 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, a plaintiff must file proof of service with the court. Fed. R. Civ. P. 4(*l*)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect

-2-

service and (2) good cause for the court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017).

Tulsa Nights' claims against Empire Distribution must be dismissed pursuant to Rule 4(m). The record does not reflect that Tulsa Nights has made any effort to serve Empire Distribution despite having received an additional two months beyond the 90 days granted by Rule 4. The undersigned has explained that failure to serve any defendant within the time required will result in a recommendation that the claims be dismissed as to that unserved defendant. (Dkt. No. 11.) Because Tulsa Nights has not demonstrated reasonable diligence in attempting to serve Empire Distribution and has not shown good cause for further extension, the claims against Empire Distribution should be dismissed.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Tulsa Nights' claims against Defendant Empire Distribution, Inc. be **DISMISSED** without prejudice for failure to timely serve the defendant with a summons and a copy of the complaint as required by Fed. R. Civ. P. 4(m).

**SO RECOMMENDED** on March 2, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).